UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ANTHONY DAVERSA,

                      Plaintiff,

        - against -                      **REPORT AND RECOMMENDATION**

COWAN EQUIPMENT LEASING, LLC and        20-CV-0163 (WFK)
MICHAEL VANWAGONER,

                      Defendants.
-------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

This personal injury action, which was commenced in state court on November 26, 2019, was removed to this Court by defendants Cowan Equipment Leasing, LLC and Michael VanWagoner ("defendants"), on the ground that the parties are citizens of different states and the amount in controversy exceeds $75,000. See generally Notice of Removal (Jan. 8, 2020), Electronic Case Filing Docket Entry ("DE") #1. Under 28 U.S.C. § 1447(c), a federal court may *sua sponte* remand an action at any time for a lack of subject matter jurisdiction. See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 133 (2d Cir. 2006); Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 643-44 (2d Cir. 1993); 28 U.S.C. § 1447(c). The party seeking removal to federal court bears the burden of establishing that the requirements for diversity jurisdiction have been met. See Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000). For the following reasons, the Court respectfully recommends that this action be remanded *sua sponte* to Supreme Court, Queens County, for lack of jurisdiction.

## DISCUSSION

**Amount in Controversy**

Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days after the defendant has received a copy of the complaint or another document "from which it may first be ascertained" that the action is removable. See 28 U.S.C. § 1446(b). In the instant action, the complaint (which was served on defendant on December 9, 2019) does not contain an *ad damnum* clause. See Verified Complaint ("Compl."), DE #1-1. Rather, the complaint alleges that plaintiff seeks damages in an amount "which exceeds the jurisdictional limits of all Courts lower than the Supreme Court." See id. ¶ 32. Plaintiff further alleges in the complaint that he suffered injuries that caused him to become "sick, sore, lame and disabled and continues to be so." See id. ¶ 29.

In this Circuit, a case filed in state court does not become removable "until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010) (*per curiam*); see Cutrone v. Mortg. Elec. Registration Sys., Inc., 749 F.3d 137, 143 (2d Cir. 2014) (stating that the Second Circuit "dr[ew] a bright line rule requiring service of a document explicitly stating the amount in controversy to trigger the 30-day period in 28 U.S.C. § 1446(b)"). Plaintiff's boilerplate allegations concerning her injuries do not establish that the amount in controversy suffices to support diversity jurisdiction. See Remy v. Savoie, No. 17-CV-00663 (DLI)(RER), 2017 WL 639251, at *3 (E.D.N.Y. Feb. 16, 2017); Walker v. Rodgers, Case No. 1:15 CV 07376 (PKC) (MDG), 2016 WL 236223, at *2 & n.2 (E.D.N.Y.

Jan. 19, 2016); Valente v. Garrison from Harrison LLC, No. 15-cv-6522 (DLI)(MDG), 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016). Similarly, the allegation that plaintiff has been damaged in an amount that exceeds "the jurisdictional limitations of all lower courts," Compl. ¶ 32, does not satisfy the monetary threshold for diversity jurisdiction, since the jurisdictional limitation of the lower civil courts of New York is $25,000, see Uddin v. Mamdani, 16-CV-4385 (DLI)(RML), 2016 WL 4536870, at *2 (E.D.N.Y. Aug. 30, 2016); Valente, 2016 WL 126375, at *1.

Where, as here, "the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 273-74 (2d Cir. 1994). As defendants have failed to satisfy their burden in this regard, the Court lacks subject matter jurisdiction over this action. See Faktorovich v. Fleet Car Lease, Inc., 17-cv-1824 (DLI)(LB), 2017 WL 1331264, at *2 (E.D.N.Y. Apr. 10, 2017); Feder v. Costco Wholesale Corp., 17-CV-3708 (NGG) (RLM), 2017 WL 2992490, at *2 (E.D.N.Y. July 14, 2017); Walker, 2016 WL 236223, at *2.

**Citizens of Different States**

In the Notice of Removal, defendants state that Cowan Equipment Leasing, LLC is "a limited liability company filed in the State of Maryland with its principal place of business in the State of Maryland[.]" Notice of Removal ¶ 3. However, a limited liability company has the citizenship of each of its individual members, which must be set forth in the notice of

removal.  See Mackason v. Diamond Fin. LLC, 347 F.Supp.2d 53, 55-56 (S.D.N.Y. 2004).  Thus, the notice of removal is clearly deficient with respect to diversity of the parties since it lacks any information about the citizenship of the individual members of the limited liability company.  See Sessing v. Gateway Ctr. Props., LLC, No. 09 Civ. 2485(BMC), 2009 WL 1918162, at *1 (E.D.N.Y. June 30, 2009) (ordering remand *sua sponte* because diversity of citizenship was not properly alleged in that limited liability company was treated as if it were a corporation).

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that this action be remanded *sua sponte* to Supreme Court, Queens County, for lack of jurisdiction.

Any objections to this Report and Recommendation must be filed with the Honorable William F. Kuntz, II on or before **January 28, 2020**.  Failure to file objections in a timely manner may waive a right to appeal the District Court order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

Dated: Brooklyn, New York
       January 14, 2020

/s/    *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**