UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANTHONY DAVERSA,

        Plaintiff,

        v.

COWAN EQUIPMENT LEASING, LLC and
MICHAEL VANWAGONER,

        Defendants.
----------------------------------------------------------------X

**DECISION & ORDER**
20-CV-163 (WFK) (RLM)



**HON. WILLIAM F. KUNTZ, II United States District Judge:**

Plaintiff Anthony Daversa ("Plaintiff") filed a Complaint in the Supreme Court of New York, County of Queens against defendants Cowan Equipment Leasing, LLC and Michael Vanwagoner (collectively, "Defendants") seeking damages for personal injuries sustained in a September 17, 2019 motor vehicle accident. Compl., ECF No. 1-1 ("Compl."). Defendants removed the action to this Court on the basis of diversity of citizenship jurisdiction. Notice of Removal ¶¶ 2–6, ECF No. 1. On January 14, 2020, Magistrate Judge Roanne L. Mann issued a *sua sponte* report and recommendation recommending the Court remand this action to the New York Supreme Court, Queens County for lack of subject matter jurisdiction. ECF No. 6 ("R&R"). On January 28, 2020, Defendants filed an objection to the R&R arguing the requirements for diversity jurisdiction have been met. ECF No. 7 ("Defs.' Obj."). For the reasons that follow, the Court adopts the recommendation of the R&R and remands this action to the New York Supreme Court, Queens County.

## BACKGROUND

Defendants removed this action from the New York Supreme Court, invoking diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Notice of Removal ¶ 6. In the Complaint, Plaintiff alleges physical, mental, and emotional injuries caused by Defendant's negligence. Compl. ¶¶ 26–29. Plaintiff seeks damages in an amount "which exceeds the jurisdictional limits of all Courts lower than the Supreme Court." *Id.* ¶ 32. In the R&R, Magistrate Judge Mann stated such "boilerplate allegations . . . do not establish that the amount in controversy suffices to support diversity jurisdiction." R&R at 2. Further, Magistrate Judge Mann noted the notice of removal "lacks any information about the citizenship of the individual members of the limited

1

liability company" and recommended this action be remanded to state court. *Id.* at 4. In their objection to the R&R, Defendants argue the complete diversity of citizenship requirement is satisfied. Defs.' Obj. at 1. Defendants provided thirteen affidavits from members, all of whom are residents of Maryland or Pennsylvania. *Id.* at 3–15. Defendants also argue the amount in controversy requirement is met because "during a telephone discussion with [P]laintiff's counsel . . . [Plaintiff's counsel] advised that he would not cap his damages at $75,000." *Id.* at 2.

## DISCUSSION

### I. Standard of Review

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties must serve and file any written objections to the proposed findings and recommendations within fourteen days of being served with a copy of such proposed findings and recommendations. *Id.* A district judge "shall make a de novo determination of those portions of the report or specified findings of recommendations to which objection is made." *Id.* Objections to a report and recommendation must be "specific and are to address only those portions of the proposed findings to which the party objects." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (Owen, J.) (internal quotation marks and citation omitted). "Where 'the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error.'" *Norman v. Metro. Transp. Auth.*, 13-CV-1183, 2014 WL 4628848, at *1 (E.D.N.Y. Sept. 15, 2014) (Matsumoto, J.) (quoting *Zaretsky v. Maxi-Aids, Inc.*, 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (Feuerstein, J.)).

## II. Analysis

Defendants allege the Court has diversity of citizenship subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Federal courts have subject matter jurisdiction under 28 U.S.C. § 1332 where the action is between citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

### A. Diversity of Citizenship

"Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). "With respect to individuals, 'In order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States *and* be domiciled within the State.'" *SHLD, LLC v. Hall*, 15-CV-6225, 2015 WL 5772261, at *1 (S.D.N.Y. Sept. 29, 2015) (Stanton, J.) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)). A limited liability company takes the citizenship of all its members. *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

Magistrate Judge Mann correctly noted in the R&R "the notice of removal is clearly deficient with respect to diversity of the parties since it lacks any information about the citizenship of the individual members of the limited liability company." R&R at 4. In their objection, Defendants submitted thirteen affidavits to establish the citizenship of Defendant Cowan Equipment Leasing, LLC. Defs.' Obj. at 3–15. Each affidavit states the affiant is a member of Cowan Asset Management, LLC and Cowan Asset Management II, LLC, which are the only two members of Defendant Cowan Equipment Leasing, LLC. *Id.* The affiants are

citizens of either Maryland or Pennsylvania. *Id.* Therefore, Defendant Cowan Equipment Leasing, LLC is a citizen of Maryland and Pennsylvania for purposes of diversity of citizenship jurisdiction. Further, Defendant Michael Vanwagoner is a citizen of Connecticut, Compl. ¶ 3, and Plaintiff is a citizen of New York, *id.* ¶ 1.

Accordingly, as a result of their supplemental filings, the Court finds the diversity of citizenship requirement under 28 U.S.C. § 1332(a) is satisfied.

### B. Amount in Controversy

Defendants bear the "burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Props. Meridien Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (internal quotation marks and citations omitted). "Where the pleadings themselves are inconclusive as to the amount in controversy, however, federal courts may look outside those pleadings to other evidence in the record." *Id.* However, where "'the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court.'" R&R at 3 (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 27374 (2d Cir. 1994).

As stated by Magistrate Judge Mann, "In this Circuit, a case filed in state court does not become removable 'until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought.'" *Id.* at 2 (quoting *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (*per curiam*)). This is a "bright line rule requiring service of a document explicitly stating the amount in controversy" to trigger the removal period. *Cutrone v.*

*Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 143 (2d Cir. 2014). No such paper has been served in this case, as the Complaint only states Plaintiff seeks damages in an amount "which exceeds the jurisdictional limits of all Courts lower than the Supreme Court." Compl. ¶ 32.

Defendants fail to satisfy their burden of proving satisfaction of the federal jurisdictional limits to a "reasonable probability." First, the jurisdictional limitation of the lower civil courts of New York is only $25,000.00. Further, Plaintiff's counsel's statement "that he would not cap his damages at $75,000" does not provide any clarity as to the amount in controversy in this action. While Defendants conclude this statement should be read as Plaintiff "seeking in excess of $75,000 in damages," the statement only operates as a refusal to stipulate to a maximum amount of damages. It provides no basis for the Court to conclude to a reasonable probability the amount in controversy exceeds $75,000.00.

Accordingly, the Court finds the amount in controversy requirement under 28 U.S.C. § 1332(a) is not satisfied.

## CONCLUSION

Upon a careful review of Magistrate Judge Mann's R&R, ECF No. 6, and the objection filed thereto, ECF No. 7, the Court finds Defendants fail to demonstrate the requirements of diversity of citizenship jurisdiction under 28 U.S.C. § 1332 are satisfied. The Court adopts the recommendation of the R&R and remands this action to the New York Supreme Court, Queens County.

SO ORDERED.

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 26, 2020
      Brooklyn, New York